UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEYBANK, N.A.,

       Plaintiff,

   v.

JEFFREY CALHOUN, TINYA A. CALHOUN, aka Tinya M. Calhoun, PEOPLE OF THE STATE OF NEW YORK, JOHN DOE,

       Defendants.

24-CV-6088-CJS

DECISION and ORDER

## INTRODUCTION

Now before the Court is Plaintiff's Motion to Remand this removed mortgage-foreclosure action to state court, pursuant to 28 U.S.C. § 1447(c). (ECF No. 4). For the reasons discussed below, Defendants are directed to show cause in writing on or before **June 14, 2024**, why the action should not be remanded to state court.

## BACKGROUND

In or about 2019, defendants Jeffrey Calhoun and Tinya Calhoun ("Defendants") executed a promissory note and mortgage covering 56 Scarborough Park, Rochester, New York, 14625. On January 29, 2024, the lender, KeyBank ("Plaintiff"), commenced a mortgage foreclosure action against Defendants by the filing and service of a Summons and Complaint with the Supreme Court of the State of New York, County of Monroe. In February 2024, Defendants were served with copies of the Summons and Complaint. On February 9, 2024, defendant Jeffrey Calhoun filed a Notice of Removal to this Court, ECF No. 1. The handwritten

Notice of Removal states: "I Jeffrey Calhoun is filing to remove (Keybank NA) the case against Jeffrey Calhoun & Tinya Calhoun from State Court to the Proper Jurisdiction in Federal Court. (Securities Fraud)." *Id*.

Liberally construing this filing to raise the strongest argument that it suggests,[1] the Notice of Removal is based on "federal question jurisdiction" involving a federal "securities fraud" claim. This liberal construction is reinforced by the fact that the Notice of Removal says nothing concerning diversity jurisdiction or the citizenship of the parties, and the fact that Defendants are apparently citizens of the State of New York, which means that removal on the basis of diversity jurisdiction would have been barred by 28 U.S.C. § 1441(b)(2).[2]

On May 21, 2024, Keybank N.A. ("Plaintiff") timely filed the subject Motion to Remand, ECF No. 4, alleging that this Court lacks subject-matter jurisdiction.[3] Specifically, Plaintiff contends that removal based on an alleged federal "securities fraud" claim is baseless, since the Complaint in this action raises no federal claim.[4]

---

[1] Defendants are proceeding *pro se*. Courts are required to construe filings by *pro se* litigants liberally, to raise the strongest arguments that they suggest.

[2] *See, Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–05 (2d Cir. 2019) ("Section 1441 permits removal on the basis of either federal question jurisdiction or diversity of citizenship. But where, as here, the only basis for federal subject-matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, the forum defendant rule applies. Under that rule, which is set out at 28 U.S.C. § 1441(b)(2), a suit that is "otherwise removable solely on the basis of ... [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

[3] 28 U.S.C. § 1447(c) states that "[a] motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal[.]" (emphasis added).

[4] Plaintiff alternatively contends that even assuming removal had been based on diversity jurisdiction, such removal would have been barred by the "forum defendant rule." The Court recognizes that the forum defendant rule is not jurisdictional and may be waived where it is not timely raised. *See, Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50, n. 2 (2d Cir. 2000). Here, however, the Court need not go down that road since the Notice of Removal, even when liberally construed, clearly does not raise or even hint at the issue of diversity jurisdiction, consequently Plaintiff's alternative argument is moot.

DISCUSSION

Plaintiff has moved to remand this action to state court pursuant to 28 U.S.C. § 1447(c), and the legal standards for such motions are well settled. For example, it is clear that on such a motion, the burden of demonstrating that removal was proper is on the removing party, and that all doubts are resolved in favor of remanding the action to state court:

> "On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) ("[T]he burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." (citation omitted))); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). Moreover, "the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise," *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000), and "[a]ny doubts as to removability should be resolved in favor of remand," *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001).

*Essenmacher v. Keene Carriers, Inc.*, No. 1:23-CV-00574-EAW, 2023 WL 8012072, at *3 (W.D.N.Y. Nov. 20, 2023). "Thus, if the averring party's allegations of jurisdictional facts are challenged by its adversary in any appropriate manner, the averring party must support them by competent proof." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (citations and internal quotation marks omitted).

A notice of removal must contain, *inter alia*, "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). As mentioned earlier, the instant Notice of Removal consists

of a single sentence-- "I Jeffrey Calhoun is filing to remove (Keybank NA) the case against Jeffrey Calhoun & Tinya Calhoun from State Court to the Proper Jurisdiction in Federal Court. (Securities Fraud)"— which, in the Court's view, can only be understood as indicating that removal is based on federal question jurisdiction involving a federal "securities fraud" claim. The Notice of Removal does not explain whether Defendants are maintaining that the state-court Complaint raises a federal securities fraud claim, or whether they are asserting that they intended to raise a federal securities fraud defense to the mortgage foreclosure action. Although, the reasonable inference is that it was the latter situation, since the Complaint itself says nothing about a federal securities fraud claim. Consequently, the Court infers that Defendants removed the action to federal court since they intend to argue that Plaintiff committed a federal securities fraud violation in connection with the subject mortgage loan.

However, the presence or absence of federal question jurisdiction is determined based on the contents of a plaintiff's complaint, and not on any federal-law defense that a defendant might try to raise. *See, e.g., State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 132–33 (2d Cir. 2023) ("The federal-question statute provides that '[t]he district courts shall have original jurisdiction of all civil actions arising under the ... laws ... of the United States.' 28 U.S.C. § 1331. *Our analysis of whether a case "arises under the laws of the United States is governed by the 'well-pleaded complaint rule*[.]' *Under that rule, federal-question jurisdiction generally exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint and cannot be triggered on the basis of a federal defense*, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. The principal effect of the well-pleaded complaint rule is to make the plaintiff the master of the claim, meaning that – subject to certain exceptions – plaintiffs may

4

avoid federal jurisdiction by exclusive reliance on state law.  In other words, the 'general rule' is that federal courts lack federal-question jurisdiction if the complaint does not affirmatively allege a federal claim.") (emphasis added; some citations and internal quotation marks omitted).

Since the subject Complaint (ECF No. 1-1) does not seem to assert any federal claim, it strongly appears that removal was improper.  However, before ruling on Plaintiff's Motion to Remand, the Court will provide Defendants an opportunity to respond and argue otherwise.  Again, in that regard, Defendants must explain how a federal securities fraud claim appears on the face of Plaintiff's Complaint.

## **ORDER**

IT IS HEREBY ORDERED that on or before **June 14, 2024**, Defendants shall respond in writing and explain why this action should not be remanded to state court; and it is further

ORDERED that Defendants' failure to respond as directed may result in the Court granting Plaintiff's motion and remanding the action to state court without any further notice to Defendants.

SO ORDERED.

Dated:     May 28, 2024
           Rochester, New York

_Charles J. Siragusa_
CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE